[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO STRIKE
In the Complaint herein, the plaintiff Burritt Interfinancial Bancorporation alleges that the defendant attorneys were representing it at a mortgage closing; that a partner, Glenn T. Terk, negligently drafted the required closing documents resulting in damage to the plaintiff.
The defendants answered the complaint and raised a Special Defense of negligence on the part of the plaintiff which resulted, in whole or in part, in the damage which the plaintiff asserts. Further, that the plaintiff failed to take actions which would mitigate its alleged damage.
The issue presently before the court concerns plaintiff's Motion to Strike and Defendants' Objection thereto.
The Motion to Strike seeks the removal of all references in the defendants' Special Defense to plaintiff's attorneys as being a proximal cause of any damages suffered by the plaintiff.
The argument presented by the plaintiff is that the attorney-client relationship between the plaintiff and its attorney precludes the defendant from claiming a third party beneficiary interest in any results, whether favorable or unfavorable to the plaintiff, from that attorney-client relationship. The defendants objection is grounded on their claim that they seek no such third party beneficiary claim; that, their claim of negligence is against the plaintiff, and that its negligence was, or may have resulted from the actions of the plaintiff's employees, agents, servants, including that of its attorneys. That, the defendants seek no direct relief from the attorneys but only from the plaintiff for whom the attorneys were acting.
The court finds that whether any actions taken by the plaintiff's attorneys should be admitted as evidence or testified to at the trial is best left to the determination of the trier at the time the matter is heard.
Therefore, the Objection to Plaintiff's Motion to strike is sustained.
JULIUS J. KREMSKI STATE TRIAL REFEREE